

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-7-2002

# USA v. Wilson

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-1230

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"USA v. Wilson" (2002). *2002 Decisions*. Paper 710.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/710

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No:  02-1230

UNITED STATES OF AMERICA

v.

DERRICK WILSON
a/k/a DEE

Derrick Wilson,

Appellant

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal Action No. 00-cr-00135)
District Judge: Honorable J. Curtis Joyner

Submitted Under Third Circuit LAR 34.1(a)
on October 17, 2002

Before: ROTH, GREENBERG, Circuit Judges
WARD*, District Judge

(Opinion filed: November 7, 2002)

---

* Honorable Robert J. Ward, District Court Judge for the Southern District of New York, sitting by designation

ROTH, <u>Circuit Judge</u>:

Following a jury trial, appellant Derrick Wilson, a/k/a "Dee," was convicted of the following charges: possession of cocaine base (crack) with intent to distribute in violation of 21 U.S.C. § 841(a)(1), and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c).[1] Wilson discharged his attorney and retained new counsel for the sentencing phase of trial; his counsel filed nunc pro tunc motions for a judgment of acquittal and/or a new trial. These motions were denied and Wilson was sentenced, inter alia, to a total of 181 months' imprisonment.[2] Wilson raises five issues on appeal: (1) there was insufficient evidence to support the jury's verdicts; (2) the police lacked probable cause to search Wilson's residence and the evidence thereby obtained should have been suppressed; (3) the search of the leather jacket was unlawful and the evidence thereby obtained should have been suppressed; (4) the jury instructions given by the district court judge were inadequate; and (5) there was no evidence that the seized contraband was, in fact, cocaine base.

We have jurisdiction of this appeal pursuant to 28 U.S.C. § 1291 and 18 U.S.C. §

---

[1]Wilson's trial counsel filed a motion to suppress, including among the allegations that the search warrant lacked probable cause and was overly broad. This motion was denied after a hearing.

[2]Wilson is represented by new counsel for this appeal.

3742(a). Our standards of review are as follows. We review for substantial evidence the sufficiency of the evidence on which the jury based its verdict. See United States v. Gibbs, 190 F.3d 188, 197 (3d Cir. 1999). In connection with the suppression hearing, we review the District Court's findings of fact for clear error, while our review of its legal conclusions is de novo. See Ornelas v. United States, 517 U.S. 690, 698-99 (1996); United States v. Myers, No. 01-3106, 2002 WL 31270280, at *2-3 (3d Cir. Oct. 11, 2002). Further, "[w]e generally review jury instructions for abuse of discretion, but our review is plenary when the question is whether the instruction misstates the law." Walden v. Georgia-Pacific Corp., 126 F.3d 506, 513 (3d Cir. 1997) (citations omitted). However, we review the record for plain error where no objection was made before the District Court. See United States v. Jake, 281 F.3d 123, 132 (3d Cir. 2002). Lastly, where an issue was not raised before the District Court and is raised for the first time on appeal, our review is also limited to plain error. See United States v. Wolfe, 245 F.3d 257, 260-61 (3d Cir. 2001).

The facts of this case are familiar to the parties and will not be recited herein.

### The Jury Verdict

Wilson claims that there were insufficient facts on which to base the jury verdict that Wilson was guilty of possession with intent to distribute cocaine base, and, as a result, the convictions on both counts must be reversed. Both parties agree that the government's case against Wilson was one of constructive possession. "Constructive possession necessarily requires both 'dominion and control' over an object and knowledge of that

3

object's existence." United States v. Jenkins, 90 F.3d 814, 817-18 (3d Cir. 1996) (quoting

United States v. Iafelice, 978 F.2d 92, 96 (3d Cir. 1992)); see also 21 U.S.C.A. §

841(a)(1). Wilson recites a number of alleged facts as support for his claim of insufficient

evidence to prove either element of constructive possession. In reviewing the evidence in

the light most favorable to the government, see Gibbs, 190 F.3d at 197, we find that there

was sufficient evidence to support an inference that the drugs and gun belonged to Wilson.

Thus we hold that Wilson did not sustain his heavy burden of demonstrating that the trial

evidence was insufficient for the jury to convict him of both charges.

### Probable Cause and Suppression Claims

Wilson also alleges that the search warrant was invalid because, allegedly, the

affidavit in support of the search warrant failed to recognize that Wilson's family members

owned the home that was searched. When a warrant is challenged on the grounds that the

magistrate's probable cause determination was in error, we inquire whether there was "a

'substantial basis' for finding probable cause [based on the affidavit], as after-the-fact

scrutiny by courts of the sufficiency of an affidavit should not take the form of de novo

review." United States v. Ninety-Two Thousand Four Hundred Twenty-Two Dollars and

Fifty-Seven Cents, No. 00-4348, 2002 WL 31102675, at *5 (3d Cir. Sept. 20, 2002)

(citations omitted). We find that the search warrant was valid as the probable cause

determination was proper.[3]

---

[3]We are dismayed to discover that in Wilson's brief, his appellate counsel on several occasions attributed to the trial judge statements made by Wilson's trial counsel – an

4

As the search warrant was valid, we find that the District Court correctly denied

Wilson's motion to suppress the evidence obtained in the search of his residence, including

that found in the leather jacket.[4]  Wilson claims that the search of the leather jacket violated

Chimel and the drug evidence should have been suppressed.  See Chimel v. California, 395

U.S. 752, 763 (1969).  In a lawful arrest, the officer may reasonably search and seize

evidence on the arrestee's person and "the area into which an arrestee might reach in order

to grab a weapon or evidentiary items" in order to prevent harm to the officer or

destruction of evidence.  Id.  We find that the search warrant was valid and that the search of

the leather jacket was reasonable.  The district court did not err in denying Wilson's motion

to suppress the evidence.

### Jury Instructions

Wilson contends that the jury instructions gave the jury "an inaccurate description"

of constructive possession and intent.  On review of the record, we find that the District

Judge did not commit plain error in charging the jury.  Plain error "is found 'sparingly and

only where the error was sure to have had unfair prejudicial impact on the jury's

deliberations.'"  United States v. Thayer, 201 F.3d 214, 222 (3d Cir. 1999) (quoting United

---

attribution which tends to bolster Wilson's claim before this Court.  Wilson's appellate
counsel further failed to include in his Appendix the relevant pages that identified the
source of the quotation as Wilson's attorney.  (Appellant's Principal Brief 12, 21, 24,
misquoting Appellant's Appendix 47).

[4]Because we find that the warrant was supported by probable cause, we do not address
the government's alternative argument that the search was sustainable under the "good faith"
exception to the exclusionary rule.

States v. Zehrbach, 47 F.3d 1252, 1263 n.9 (3d Cir. 1995) (en banc)). We review the "totality of the instructions and not a particular sentence or paragraph in isolation." Thayer, 201 F.3d at 221 (quoting United States v. Coyle, 63 F.3d 1239, 1245 (3d Cir. 1995)). The charge to the jury given by the District Court was an accurate and clear statement of the law.

### Evidence of Cocaine Base

Wilson lastly alleges that the seized cocaine was not "cocaine base" because it was neither pure nor smokable; thus he contends that the District Court erred in applying the enhanced sentencing guidelines governing cocaine base. Wilson concedes that he did not make this argument before the District Court. He bases his argument on trial testimony that the drug experienced some drying in storage and weighed less at trial than at seizure. Following review of the record for plain error, we hold that the District Court did not err in finding that the drug was crack cocaine and therefore did not commit plain error in applying the sentencing guidelines under 21 U.S.C. § 841(a)(1).

### Conclusion

For the foregoing reasons, we will affirm the judgment of the District Court.

_____

TO THE CLERK:

        Please file the foregoing Opinion.

<div style="margin-left: 45%;">

By the Court,

    /s/ Jane R. Roth
        Circuit Judge

</div>